In the United States Court of Federal Claims

No. 13-434 C

(Filed October 8, 2013)

```
* * * * * * * * * * * * * * * * * * * *
U.S. HOME CORPORATION,           *
BEECHWOOD AT EDISON, LLC,        *
BEECHWOOD SHOPPING               *
CENTER, LLC,                     *
                                 *
            Plaintiffs,          *
                                 *
       v.                        *
                                 *
THE UNITED STATES,               *
                                 *
            Defendant.           *
* * * * * * * * * * * * * * * * * * * *
```

## SHOW CAUSE ORDER

On June 28, 2013, plaintiffs filed a complaint in this matter. At that time the Clerk's Office notified the parties, via a docket entry, that plaintiffs' counsel, Andrew Ullrich, Esq., was not a member of the court's bar and therefore cannot practice before the United States Court of Federal Claims as an attorney of record. Admission to the court's bar is required for any attorney of record by the rules of the court. RCFC 83.1(c)(1).

The deadline for admission to the bar of the court set by the Clerk's Office, August 15, 2013, was not met, even though a month and a half had been allowed for compliance. The court set another deadline for admission to the bar in its Order of August 20, 2013, and this deadline, September 13, 2013, was also not met. Defendant has filed a dispositive motion in this case and plaintiffs' attorney of record had not yet been admitted to the bar of this court as of the response deadline for their brief, set automatically by the CM/ECF system for September 27, 2013.

Instead, on September 27, 2013, another attorney at Mr. Ullrich's firm filed

a response to the government's motion to dismiss in this case.  This submission was in violation of RCFC 83.1(c)(1), which requires that the attorney of record, not a law firm, be admitted to the bar of the court.  For this reason, plaintiffs' filing will be stricken from the docket.

      Mr. Ullrich has been given ample time and instruction as to the rules of the court that apply to these circumstances.  He either needs to promptly find a new attorney of record for the plaintiffs in this case and file a Motion to Substitute Counsel under RCFC 83.1(c)(4), or immediately complete the procedures for admission to this court's bar.  Because a previous order and this court's rules have been ignored, plaintiffs must now show cause why their suit should not be dismissed for failure to prosecute.  Dismissal for failure to prosecute is a dismissal on the merits.  RCFC 41(b).

      Accordingly, it is hereby **ORDERED** that

(1) The Clerk's Office is directed to **STRIKE** Plaintiffs' Opposition to Defendant Motion to Dismiss Plaintiffs' Complaint, filed September 27, 2013;

(2) Plaintiffs must **SHOW CAUSE** why this action should not be dismissed for failure to prosecute under RCFC 41(b); and

(3) Plaintiffs shall submit either a **Notice of Attorney Admission** for Mr. Ullrich or a **Motion to Substitute Counsel** by **October 24, 2013**; failure to comply with this requirement will constitute cause for the dismissal of plaintiffs' suit.

/s/Lynn J. Bush
LYNN J. BUSH
Judge