# In the United States Court of Federal Claims

No. 13-434 C

(Filed April 8, 2014)

**UNPUBLISHED**

| | |
|---|---|
| * * * * * * * * * * * * * *  * | |
| U.S. HOME CORPORATION, * | |
| BEECHWOOD AT EDISON, LLC, * | |
| BEECHWOOD SHOPPING * | Contracts; 28 U.S.C. § 2501 |
| CENTER, LLC, * | (2012); 28 U.S.C. § 1500 |
|  * | (2012); Claims That Were |
| *Plaintiffs*, * | Dismissed Because They Were |
|  * | Barred by Section 1500 Are |
| v. * | Now Barred, in a Second Suit, |
|  * | by the Statute of Limitations in |
| THE UNITED STATES, * | Section 2501. |
|  * | |
| *Defendant*. * | |
| * * * * * * * * * * * * * *  * | |

*Brian S. Wolfson*, Piscataway, NJ, for plaintiffs.

*Veronica N. Onyema*, United States Department of Justice, with whom were *Stuart F. Delery*, Assistant Attorney General, *Bryant G. Snee*, Acting Director, *Martin F. Hockey, Jr.*, Assistant Director, Washington, DC, for defendant.

---

**OPINION**

---

**Bush**, *Senior Judge*.

Before the court is defendant's motion to dismiss filed under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC).

Plaintiffs' suit, filed June 28, 2014, seeks money damages for the deleterious effects of hazardous waste contamination of land sold by the United States to plaintiffs or to their predecessors in interest.  A similar suit was dismissed in 2012.[1] *See U.S. Home Corp. v. United States*, 108 Fed. Cl. 191 (2012) (*U.S. Home III*), *aff'd*, No. 2013-5059, 2014 WL 128616 (Fed. Cir. Jan. 15, 2014); *see also U.S. Home Corp. v. United States*, No. 09-63C, 2010 WL 4689883 (Fed. Cl. Nov. 9, 2010) (*U.S. Home II*); *U.S. Home Corp. v. United States*, 92 Fed. Cl. 401 (2010) (*U.S. Home I*).  Defendant argues, and the court must agree, that the claims presented here are time-barred and must be dismissed.

## BACKGROUND

### I.   Facts

Plaintiffs U.S. Home Corporation, Beechwood at Edison, LLC and Beechwood Shopping Center, LLC (collectively, the Developers) are or were the owners of approximately twenty-nine acres of real estate (the Property), which was at one time part of the former Raritan Arsenal, a 3200-acre United States Army facility in New Jersey.  Compl. ¶ 3.  One portion of the Property was conveyed directly to the Developers by the General Services Administration; the other portion was first sold to another private party and then conveyed to the Developers.  *Id.* ¶ 7.  According to plaintiffs, hazardous waste contamination of the Property was discovered in 2005 and 2006, and state officials compelled plaintiffs to alter their development plans for the Property as a result.  *Id.* ¶¶ 42-45, 47-49, 51, 54.  Plaintiffs assert that the Developers have incurred expenses and losses related to the contamination of the Property, and seek an award of money damages in this suit.  *Id.* ¶¶ 58, 61, 63, 72-83.

### II.   Procedure

In 2008, two of the plaintiffs in this suit, U.S. Home Corporation and Beechwood at Edison, LLC, filed a complaint against the United States in the United States District Court for the District of New Jersey.  *U.S. Home Corp. v.*

---

[1]/  The opinions issued in the earlier case provide a more complete factual background for this dispute.  Inasmuch as the court lacks jurisdiction over plaintiffs' current suit because of a statute of limitations issue, this opinion focuses primarily on the procedural history of the controversy.

*United States*, No. 2:08-cv-04144-WJM-MF (D.N.J. filed Aug. 15, 2008). The district court plaintiffs sought relief from the United States for the consequences of the contamination of the Property, relying on the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), 42 U.S.C. §§ 9601-9675 (2006), among other sources of law. A portion of the original district court suit was dismissed without prejudice and was re-filed as a complaint in this court on February 3, 2009. *U.S. Home I*, 92 Fed. Cl. at 404-05. The district court suit was settled by the parties and was dismissed on July 20, 2010. Def.'s Mot. at 2; Pls.' Opp. at 2.

In this court, plaintiffs' 2009 complaint, founded on a breach of deed covenants as to the condition of the Property, was dismissed in 2012. The court lacked jurisdiction over plaintiffs' claims because they were filed while a suit based on substantially the same operative facts was pending in the district court. *See* 28 U.S.C. § 1500 (2012); *U.S. Home III*, 108 Fed. Cl. at 192. On June 28, 2013, approximately six months after the dismissal of their earlier suit, plaintiffs returned to this court and filed similar claims in the subject matter.

## DISCUSSION

### I.  Standard of Review

When reviewing a complaint to determine its jurisdiction over a plaintiff's claims, this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 814-15 (1982); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citations omitted). However, plaintiffs bear the burden of establishing subject matter jurisdiction, *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)), and must do so by a preponderance of the evidence, *Reynolds*, 846 F.2d at 748 (citations omitted). If jurisdiction is found to be lacking, this court must dismiss the action. RCFC 12(h)(3).

### II.  Section 2501

It is well-established that claims in this court must be brought within six years of their accrual and that this time limit is jurisdictional. *See, e.g., Young v.*

*United States*, 529 F.3d 1380, 1384 (Fed. Cir. 2008) (citing 28 U.S.C. § 2501 (2012) and *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-39 (2008)). "It is a plaintiff's knowledge of the facts of the claim that determines the accrual date." *Id.* at 1385 (citations omitted); *see Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1577 (Fed. Cir. 1988) ("[A] cause of action against the government has 'first accrued' only when all the events which fix the government's alleged liability have occurred *and* the plaintiff was or should have been aware of their existence." (citing *Kinsey v. United States*, 852 F.2d 556, 557 n.* (Fed. Cir. 1988))). Binding precedent holds that equitable tolling is not available to extend the limitations period in section 2501. *John R. Sand & Gravel*, 552 U.S. at 133-34, 139.

### III.  Analysis

Plaintiffs do not allege that the complaint in this suit presents claims that are different from those that were filed in the 2009 complaint and that were dismissed pursuant to section 1500 in 2012. *See* Pls.' Opp. at 4 ("Plaintiffs maintain that [the procedural history of this controversy] allows for re-filing of the remaining count [of the 2009 complaint] as [the Developers] have done."). Plaintiffs also do not dispute that the hazardous waste contamination of the Property was discovered no later than August 2006. Def.'s Mot. at 8, Def.'s Reply at 2. Furthermore, plaintiffs do not contend that their claims accrued later than August 2006. Because more than six years have passed between August 2006, when plaintiffs' claims accrued, and the filing of their suit in June of 2013, plaintiffs' suit is time-barred by section 2501.

Plaintiffs' only argument against dismissal is that equitable tolling should save their suit.[2]  *See* Pls.' Opp. at 4 ("The only issue that this Court should focus on is whether an equitable remedy is available to Plaintiffs related to the statute of limitations bar."). Unfortunately for plaintiffs, this court cannot equitably toll the statute of limitations for their benefit. *John R. Sand & Gravel*, 552 U.S. at 133-34, 139. It is true that the shift in precedent regarding section 1500 had not yet

---

[2]/ Plaintiffs also propose an "alternative" solution to the limitations problem: the court could "allow the effective date of filing [the complaint in this case] to be July 21, 2010." Pls.' Opp. at 6. Plaintiffs fail to cite any authority, however, other than general principles of fairness and equity, for this court to back-date a complaint by almost three years. In the court's view, this "alternative" solution, *id.*, is simply another request for equitable tolling.

occurred when plaintiffs filed their earlier suit in this court, and that much of the delay in re-filing the claims currently before the court is arguably attributable to that change in precedent and not to any fault of plaintiffs.  Nonetheless, the United States Supreme Court has explicitly recognized that a statute of limitations may result in the barring of a suit that has been re-filed in this court after the same claims have been subject to a section 1500 dismissal.  *See United States v. Tohono O'odham Nation*, 131 S. Ct. 1723, 1731 (2011) (holding that section 1500 barred a suit brought by the Tohono O'odham Nation in this court, and commenting that "the Nation is free to [later] file suit again in the CFC *if the statute of limitations is no bar*") (emphasis added).  Plaintiffs offer no authority, and the court is aware of none, that permits them to escape the limitations provision of section 2501.[3]

## CONCLUSION

Accordingly, it is hereby **ORDERED** that

(1)   Defendant's Motion to Dismiss, filed August 27, 2013, is **GRANTED**;

(2)   The Clerk shall **ENTER** final judgment for defendant, **DISMISSING** the complaint for lack of subject matter jurisdiction, without prejudice; and

(3)   No costs.

/s/Lynn J. Bush
LYNN J. BUSH
Senior Judge

---

[3]/ Defendant raises a number of other challenges to the claims in the complaint under both RCFC 12(b)(1) and 12(b)(6).  The court need not address these arguments because plaintiffs' claims are clearly barred by section 2501.